1

2

3

4

5

6

7

8

9                      UNITED STATES DISTRICT COURT

10                     EASTERN DISTRICT OF CALIFORNIA

11

12   TIMOTHY A. KERSTEN, D.D.S.,        No.  2:16-cv-00309-JAM-CMK

13              Plaintiff,

14        v.                            **ORDER GRANTING INDIVIDUAL**
                                        **DEFENDANTS' AND LUIS R.**
15   STATE OF CALIFORNIA FRANCHISE      **DOMINICIS'S MOTIONS TO DISMISS**
     TAX BOARD, et al,
16
                Defendants.
17

18        At first glance, this case involves a dentist's

19   constitutional challenge to California's tax system.  But a

20   closer look reveals salient procedural issues about federalism,

21   proper service, and Eleventh Amendment immunity.  Plaintiff

22   Timothy A. Kersten, D.D.S. challenges California's statutory tax

23   scheme.  First Am. Compl. ("FAC"), ECF No. 12.  Now before the

24   Court are two motions to dismiss.  ECF No. 15 ("Individual

25   Defendants' MTD"); ECF No. 17 ("Dominicis's MTD").  Kersten

26   offers no opposition to the substantive legal arguments raised in

27   these motions.  ECF No. 20.  For the reasons set forth below

28   ///

                                  1

both motions are granted and the FAC is dismissed in its entirety.[1]

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

California has a statutory scheme for handling delinquent taxpayers.  Section 19195 requires the California Franchise Tax Board ("FTB") to biannually compile and publish a list of the 500 largest state income tax delinquencies.  Cal. Rev. & Tax. Code § 19195 (West 2012).[2]  And Section 494.5 requires the FTB to create a "certified list" of those taxpayers and mandates the Board of Dentistry ("Board") (which is part of the Department of Consumer Affairs ("DCA")) and the Department of Motor Vehicles ("DMV") to revoke the licenses of taxpayers on the delinquency list unless they obtain a release.  Cal. Bus. & Prof. Code § 494.5 (West 2013).

Plaintiff Timothy A. Kersten's name appeared on the FTB list in October 2013.  FAC ¶ 118.  The Board and DCA suspended Kersten's dental license, and he could not renew it.  Id. ¶¶ 70-72.  He also could not renew his revoked driver's license.  Id. ¶¶ 80-83.  So Kersten challenged California's tax scheme in a § 1983 suit.  He alleged that several California agencies and officials violated his procedural due process, substantive due process, and equal protection rights.  See generally FAC.  He

_____

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for February 21, 2017.  In deciding this motion, the Court takes as true all well-pleaded facts in the complaint.
[2] Defendants incorrectly cite section 10195.  No such provision exists in California's Revenue and Taxation Code, and Kersten references Section 19195 in his FAC.

1  also claimed California's statutory scheme violated the supremacy

2  clause.   Id.   Kersten seeks monetary, declarative, and injunctive

3  relief.   Id. at 47-50.

4       Kersten named all of the following defendants in the FAC:

5  the FTB, the DCA, the Board, and the DMV ("State Agencies");

6  Betty T. Yee, Jerome Horton, Michael Cohen, Selvi Stanislaus,

7  John Chiang, Awet Kidane, Alexis Podesta, Spencer L. Walker,

8  Steven G. Morrow, Judith Forsythe, Steven Afriat, Fran Burton,

9  Stephen Casagrande, Yvette Chappel-Ingram, Katie Dawson, Luis R.

10  Dominicis, Kathleen King, Ross Lai, Huong Le, Meredith McKenzie,

11  Thomas Stewart, Bruce L. Whitcher, Debra Woo, Karen Fischer, Dawn

12  Dill, Jean Shiomoto, David P. Harris, and Fiona Ma ("Individual

13  Defendants") (collectively "Defendants").

14       Soon after filing his FAC, Kersten moved to voluntarily

15  dismiss the FTB, the Board, and the DMV, leaving the DCA as the

16  only remaining state agency.   ECF No. 19.   The Court granted his

17  motion without prejudice.   ECF No. 21.

18       That leaves Defendants' motions to dismiss.   All individual

19  defendants—except Luis R. Dominicis and Dawn Dill—bring the first

20  motion.   See generally Individual Defendants' MTD.   Dominicis

21  brings the second motion.   See generally Dominicis's MTD.

22  Neither Dawn Dill nor the DCA is a party to either motion to

23  dismiss.   Kersten opposes only the Individual Defendants' motion.

24  See Opp'n at 1.   The Individual Defendants and Dominicis filed a

25  joint reply.   See Reply at 2 n.1.

26  ///

27  ///

28  ///

3

1                              II.   OPINION

2           A.   JudICIAL NOTICE

3           The Individual Defendants and Dominicis separately request

4    judicial notice for the same documents:  (1) Kersten's Petition

5    for Writ of Mandamus (attached to Request for Judicial Notice

6    ["RJN"] as Exh. A); (2) Kersten's First Amended Petition for

7    Writ of Mandamus (attached to RJN as Exh. B); and (3) the Shasta

8    County Superior Court's Final Ruling on Motion for Judgment on

9    the Pleadings (attached to RJN as Exh. C).  See Individual

10   Defendants' RJN, ECF No. 15-3, at 2.  See also Dominicis's RJN,

11   ECF No. 17-1, at 2.  All documents arise from the state court

12   case.

13          A court may take judicial notice of a fact that is not

14   reasonably disputed if it "can be accurately and readily

15   determined from sources whose accuracy cannot reasonably be

16   questioned."  Fed. R. Evid. 201(b)(2).  On a motion to dismiss,

17   courts may consider "matters of public record."  Northstar Fin.

18   Advisors Inc. v. Schwab Inv., 779 F.3d 1036, 1042 (9th Cir.

19   2015) (internal citation omitted).  "Matters of public record"

20   include court filings.  See Reyn's Pasta Bella, LLC v. Visa USA,

21   Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take

22   judicial notice of court filings and other matters of public

23   record).

24          The Court takes judicial notice of Kersten's Petition, his

25   First Amended Petition, and the Superior Court's Final Ruling

26   because they constitute matters of public record not subject to

27   reasonable dispute.

28   ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

B.   Discussion

1.   Comity

The comity principle's teeth are sharpest in federal cases involving challenges to state taxation.  For nearly a century, Congress has recognized that "the autonomy and fiscal stability of the States survive best when state tax systems are not subject to scrutiny in federal courts."  Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 102-03 (1981). Congress codified this recognition in its Tax Injunction Act, which provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  Rooted in federalism principles, § 1341 "was first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as [tax collection]."  Franchise Tax Bd. of California v. Alcan Aluminum Ltd., 493 U.S. 331, 338 (1990) (internal citation and quotation marks omitted).

In other words, the comity principle precludes taxpayers from bringing § 1983 actions challenging the validity of state tax systems in federal court.  See McNary, 454 U.S. at 116 (emphasis added).  Instead, these taxpayers must use state remedies to protect their federal rights, provided "those remedies are plain, adequate, and complete . . . ."  Id.  "A state remedy is adequate only where it is certain that the taxpayer can raise constitutional claims in the state court." Capitol Industries-EMI, Inc. v. Bennett, 681 F.2d 1107, 1116

1  (internal citation omitted).

2       Defendants argue that comity bars Kersten's suit, reasoning

3  that his case attacks California's tax system and, so,

4  implicates federalism.  See Individual Defendants' MTD at 7-8;

5  Dominicis's MTD at 7-8.  Kersten offers no response.  See Opp'n

6  at 1(discussing only mootness).  Instead, he argues that,

7  properly construed, the Individual Defendants' motion is

8  actually FTB's motion because defense counsel appeared solely on

9  FTB's behalf, and so the Court should dismiss Individual

10 Defendants' motion as moot because FTB lacks standing to sue on

11 the Individual Defendants' behalf.  Id. at 2.  This makes no

12 sense.  As the Individual Defendants and Dominicis correctly

13 state in reply, the notice of motion clearly shows the

14 Individual Defendants brought the motion.  See Reply at 2

15 (emphasis added).  See also Notice of Mot., ECF No. 15-1, at 2.

16 And defense counsel has been counsel of record since the case's

17 inception.  The docket reflects this.  To argue that the Court

18 made a clerical error, see Opp'n at 2, is wholly without merit.

19 There is no error because the Individual Defendants properly

20 noticed and filed their motion.

21      In short, the Court agrees with Defendants.  Federal law

22 makes clear Kersten cannot bring his § 1983 suit in federal

23 court if California provides an adequate remedy.  See McNary,

24 454 U.S. at 116.  See also 28 U.S.C. § 1341.  California

25 provides an adequate remedy because taxpayers may bring § 1983

26 actions in state court.  See Logan v. S. California Rapid

27 Transit Dist., 136 Cal. App. 3d 116, 124 (1982) (finding state

28 courts have concurrent jurisdiction to adjudicate federally

created causes of action like § 1983 claims).  Kersten elected

not to and that is a mistake with serious consequences for him.

See First Am. Pet. at 1, attached to RJN as Exh. B (seeking only

writ of mandamus under CCP Section 1085).  Given "the important

and sensitive nature of state tax systems and the need for

federal-court restraint when deciding cases that affect [those]

systems," and because Kersten has not shown his remedy in

California state court is inadequate, the Court dismisses with

prejudice Kersten's FAC.  See McNary, 454 U.S. at 102, 105

(dismissing "a § 1983 challenge to the administration of state

tax laws" on comity grounds). See also Navarro v. Block, 250

F.3d 729, 732 (9th Cir. 2001) (explaining dismissal with

prejudice appropriate "only if it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim

which would entitle him to relief.").  Having dismissed

Kersten's FAC, the Court need not address Defendants' arguments

regarding res judicata and failure to state a claim.

### 2.   Additional Jurisdictional Issues

Notwithstanding this dismissal, the Court must still

resolve, sua sponte, two jurisdictional issues affecting two

defendants:  Dawn Dill and the DCA.  Neither defendant was a

party to either motion to dismiss.

### a.   Improper Service on Defendant Dawn Dill

A federal court lacks personal jurisdiction over a

defendant if service of process is insufficient.  See Omni

Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).

Rule 4 permits service of process by following state law in the

state where the district court is located.  See Fed. R. Civ. P.

1    4(e)(1).   Under California law, process can be served by

2    delivering the summons and complaint to the defendant personally

3    or to an agent authorized to receive service of process.   Cal.

4    Code Civ. Proc. Section 416.90 (West 2017).   Where service is

5    improper, a court may dismiss the case under Rule 12(b)(5).   See

6    Bravo v. CDCR Director, No. C-12-06414 JSC, 2013 WL 3786630, at

7    *1 (N.D. Cal. July 17, 2013).

8         In their motions, Defendants note that Dawn Dill is not a

9    party to their briefs, reasoning that Kersten improperly served

10   her when he served the DCA because, at the time, she no longer

11   worked there.   See Individual Defendants' MTD at 2 n.1;

12   Dominicis's MTD at 2 n.1.   Kersten does not contest this issue.

13   See Opp'n at 1 (discussing only mootness).   Because Kersten has

14   not met his burden to establish valid service under Rule 4, the

15   Court finds it lacks personal jurisdiction over Defendant Dill.

16   See Omni Capital Int'l, 484 U.S. at 104.   And given the

17   federalism concerns underlying Kersten's suit, see supra Part

18   B.1, the Court dismisses with prejudice Kersten's FAC against

19   Dill.

20              b.   Defendant DCA's Eleventh Amendment Immunity

21        Congress did not intend for § 1983 to abrogate a state's

22   Eleventh Amendment immunity.   See Dittman v. California, 191

23   F.3d 1020, 1025-26 (9th Cir. 1999) (internal citations and

24   quotation marks omitted).   And California has not waived its

25   immunity with respect to § 1983 claims brought in federal court.

26   See id.   Because a suit against a California agency effectively

27   constitutes a suit against California, and because Kersten does

28   not contest that the DCA is a California agency, the Eleventh

8

Amendment bars Kersten's § 1983 suit against the DCA.  <u>See Kent</u>
<u>v. California Dep't of Consumer Affairs</u>, No. 2:09-cv-02905, 2010
WL 2838628, at *3 (E.D. Cal. June 11, 2010) (dismissing
plaintiff's § 1983 claim against the DCA on Eleventh Amendment
immunity grounds).  The Court dismisses with prejudice Kersten's
FAC against the DCA.

III.   ORDER

For the reasons set forth above, Kersten's FAC is DISMISSED
WITH PREJUDICE in its entirety.

IT IS SO ORDERED.

Dated: March 22, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE